IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEANDRA M.K.K. HUFFMAN, ) | Civil No. 23-00436 LEK-KJM |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION |
| ) | TO DISMISS PLAINTIFF DEANDRA |
| vs. ) | M.K.K. HUFFMAN'S COMPLAINT |
| ) | FOR FAILURE TO PROSECUTE |
| VINCENT W. VERSACI; ) | |
| KIMBERLY B. ALLEN; and ) | |
| MARK KASSNER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION
TO DISMISS PLAINTIFF DEANDRA M.K.K.
HUFFMAN'S COMPLAINT FOR FAILURE TO PROSECUTE

On October 26, 2023, pro se Plaintiff Deandra M.K.K. Huffman ("Plaintiff") filed suit against Defendants Vincent W. Versaci, Kimberly B. Allen, and Mark Kassner (collectively, "Defendants") alleging claims against Defendants (two attorneys and a judge) arising out of what appear to be family court proceedings in New York state court. ECF No. 1.

Since Plaintiff filed her Complaint, the Court has been unable to hold the Rule 16 Scheduling Conference because Plaintiff has not served any Defendant. The Court has instead held two status conferences with Plaintiff to discuss her obligation to serve each and every Defendant. ECF No. 17 (January 8, 2024); ECF No. 22 (April 2, 2024). At these status conferences, Plaintiff confirmed that she

had not served any Defendant.  The Court also verified Plaintiff's contact information at each of these status conferences.  *Id.*

The Court has also held three status conferences regarding service at which Plaintiff failed to appear.  ECF No. 18 (February 15, 2024); ECF No. 23 (May 1, 2024); ECF No. 24 (May 23, 2024).  In addition, Plaintiff has still not filed any proof that she has served the Complaint on any of the Defendants.

On May 24, 2024, the Court issued an Order to Show Cause, which ordered Plaintiff to show cause in writing why the Complaint should not be dismissed for lack of service and failure to appear at required status conferences ("05/24/2024 OSC").  ECF No. 25 at 4.  Plaintiff failed to file a response to the 05/24/2024 OSC.

## DISCUSSION

A plaintiff must serve a proper summons and complaint on the defendants for the court to have jurisdiction over the defendants.  *See* Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (citations omitted)).  Given Plaintiff's failure to serve Defendants, and given Plaintiff's failure to appear at required status conferences, the Court finds and recommends that the district court dismiss the Complaint for failure to prosecute.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).  The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  For the reasons below, the Court finds that dismissal of the Complaint is appropriate given Plaintiff's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since October 2023, and Plaintiff has failed to serve any Defendant.  In addition, Plaintiff has failed to appear at the two most recent status conferences on May 1 and 23, 2024.

3

Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action, or even appear for a status conference, has interfered with the Court's ability to manage its docket. To date, Plaintiff fails to provide sufficient reasoning as to why she has not yet served Defendants.

Third, the risk of prejudice to Defendants weighs heavily in favor of dismissal. Defendants will suffer prejudice if this case continues without Plaintiff effecting service. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court held multiple status conferences, at each of which the Court reminded Plaintiff of her obligation to serve Defendants. The last status conference at which Plaintiff appeared was on April 2, 2024. ECF No. 22. Since then, Plaintiff has failed to appear for two status conferences, and Plaintiff has not filed anything with the Court indicating she is actively pursuing her claims. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel her to take the necessary steps to prosecute this action.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the Complaint be without prejudice.

\\

\\

\\

\\

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 26, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Huffman v. Versaci*, Civil No. 23-00436 LEK-KJM; Findings and Recommendation to Dismiss Plaintiff Deandra M.K.K. Huffman's Complaint for Failure to Prosecute

6